IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JERRY L. FOSHEE                                                          PLAINTIFF

v.                             CIVIL NO. 04-3071

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                   DEFENDANT

### MEMORANDUM OPINION

Plaintiff Jerry L. Foshee brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

The application for DIB presently before this court was filed on November 19, 2002, alleging an inability to work since September 15, 2002, due to fibromyalgia, restless leg syndrome, osteoporosis, osteoarthritis, memory loss, fatigue, chronic fatigue syndrome and hearing loss. (Tr. 55-57). An administrative hearing was held on December 4, 2003. (Tr. 255-303). Plaintiff was present and represented by counsel.

By written decision dated May 19, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 24). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P,

Regulation No. 4. (Tr. 24). The ALJ found plaintiff retained the residual functional capacity (RFC) to engage in light work, but could only occasionally crouch, kneel, crawl and finger. He further found plaintiff could frequently hear. With the help of vocational expert testimony, the ALJ found plaintiff could perform his past relevant work as a real estate agent/broker. (Tr. 24).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on May 19, 2004. (Tr. 4-8). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 5,6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

AO72A
(Rev. 8/82)

**Discussion:**

In determining whether the ALJ properly disregarded plaintiff's subjective complaints of pain, the court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), in evaluating his pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski*, 739 F.2d at 1322 (emphasis in original).

However, in addition to the requirement that the ALJ consider the plaintiff's allegations of pain, he also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir. 1993).

-4-

In his opinion, the ALJ found plaintiff's fibromyalgia with associated symptoms and bilateral hearing loss to be severe impairments. (Tr. 16, 24). He did not, however, discuss plaintiff's chronic fatigue syndrome (CFS).[1]

A review of the medical evidence reveals plaintiff has been diagnosed with chronic fatigue syndrome. (Tr. 206). Plaintiff testified that he experienced chronic fatigue. There is also witness testimony, letters from co-workers and notes completed by the interviewer at the SSA field office reporting plaintiff's fatigue. (Tr. 78, 103, 271). The condition of CFS presents a particularly difficult fact pattern because it cannot be diagnosed by a simple "dipstick test" and therefore is addressed on a case-by-case, symptomatic basis rather than by objective laboratory procedures. *Sisco v. United States Dept.of Health and Human Servs.*, 10 F.3d 739, 743-45 (10th Cir.1993); Secretary's Program Operations Manual System ("POMS") § DI 24575.005 (1993) (establishing policy for CFS claims and stating that "there are no generally accepted criteria for the diagnosis" of CFS and accordingly "[i]ndividual cases must be adjudicated on the basis of the totality of evidence"). Thus, when evaluating a claim of CFS, lack of objective medical evidence has less significance and may be seen as normal rather than aberrational. *Sisco*, 10 F.3d 739 at 745 (noting that it is not unusual for a CFS patient to have "an extended history of 'nothing-wrong' diagnoses"). Because of its nature, when CFS is implicated in a disability claim it is particularly important for the ALJ to consider the full spectrum of evidence in weighing the credibility of the claimant's subjective testimony of symptoms. *Vogt v. Chater*, 958 F.Supp. 537,

---

[1] While fibromyalgia and CFS do have some overlapping symptoms they are not one in the same and cannot be treated as such. *Sarchet v. Chater,* 78 F.3d 305, 306 (7th Cir.1996) (fibromyalgia, also known as fibrositis--a common, but elusive and mysterious, disease, much like chronic fatigue syndrome, with which it shares a number of features).

544-45 (D.Kan.1997) (examining medical characteristics of and difficulties with CFS and attendant evaluative implications for claim adjudication). The ALJ did not fully articulate and explicate his basis for discounting plaintiff's claims of pain and chronic, debilitating fatigue, as required by *Polaski* and subsequent decisions of this Circuit. *See Polaski,* 729 F.2d at 1322; see also *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir.1998) (reversing denial of benefits in CFS case where ALJ did not take full context of evidentiary materials into account).

Therefore, because the ALJ improperly discredited plaintiff's subjective complaints of pain without considering the impact of his CFS we find that his conclusion that plaintiff is not disabled is not supported by substantial evidence in the record as a whole. Accordingly, we believe remand is necessary in order to allow the ALJ to further develop the record regarding plaintiff's CFS and for a reevaluation of plaintiff's subjective complaints in light of this diagnosis. On remand the ALJ should re-evaluate plaintiff's subjective allegations in accordance with *Polaski*, 739 F.2d at 1322, specifically discussing each *Polaski* factor in the context of plaintiff's particular case.

The ALJ's RFC assessment is also of some concern to undersigned. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that

a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Given the fact that plaintiff was diagnosed with CFS, we cannot say that the ALJ's RFC assessment is supported by substantial evidence. Therefore, on remand, the ALJ is directed to address interrogatories to plaintiff's treating physicians, including Dr. Jackson, asking them to review plaintiff's medical records, complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ should also specifically request that the above physicians discuss what, if any, limitations are caused plaintiff's CFS. With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and his mental RFC. On remand the ALJ is directed to address interrogatories to Dr. William C. Nichols asking him to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If after proper review of an adequately developed record, the ALJ finds that plaintiff cannot return to his past relevant work, the burden will shift to the Commissioner to prove the

-7-

existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995).

We note at the administrative hearing in December of 2003, the ALJ requested plaintiff provide his income tax statements for the year 2002. (Tr. 266-267). In his written decision, the ALJ noted plaintiff had not provided this information and that he was not able to determine whether plaintiff had performed substantial gainful activity during the time period in question. On remand we strongly suggest plaintiff provide both his 2002, and 2003, income tax statements to the Commissioner so that a determination can be made regarding whether or not plaintiff performed substantial gainful activity during the relevant time period.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of October 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

.
.

AO72A
(Rev. 8/82)